CHRISTI HOGIN, Bar No. 138649
Christi.Hogin@bbklaw.com
JOHN C. COTTI, Bar No. 193139
John.Cotti@bbklaw.com
KATHY J. SHIN, Bar No. 318185
Kathy.Shin@bbklaw.com
BEST BEST & KRIEGER LLP
1230 Rosecrans Avenue
Suite 110
Manhattan Beach, California 90266
Telephone: (310) 643-8448
Facsimile: (310) 643-8441

Attorneys for Defendant
CITY OF MALIBU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SEIDER and LEAH SEIDER, as Trustees of the Seider Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MALIBU,<br><br>Defendant. | Case No. 2-20-cv-08781 PA (MRWx)<br><br>**DECLARATION REGARDING MEET AND CONFER IN SUPPORT OF CITY OF MALIBU'S MOTION TO DISMISS**<br><br>*Filed Concurrently with*<br>1. *Notice of Motion and Motion; Memorandum of Points and Authorities*<br>2. *City's Request for Judicial Notice*<br><br>Honorable Percy Anderson Presiding<br><br>Date: January 4, 2021<br>Time: 1:30 p.m.<br>Dept: Courtroom 9A |

# DECLARATION OF KATHY J. SHIN

I, Kathy J. Shin, do declare as follows:

1. I am an attorney licensed to practice law in the State of California, and I am an associate at Best Best & Krieger LLP, attorneys of record for Defendant City of Malibu ("City") in this action. I have personal knowledge of the facts set forth below and, if called to do so, I would and could competently testify thereto.

2. Pursuant to Local Rule 7-3, on November 4, 2020, I notified Plaintiffs' counsel of City's intent to file a Motion to Dismiss Plaintiffs' Complaint and sought to initiate the meet and confer process.

3. On November 5, 2020, I conferred with Plaintiffs' counsel ("Counsel") on a conference call by Zoom. During that call, I set forth the City's arguments against each cause of action in the Complaint under Rule 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. I explained that unlike most local coastal program ("LCP") local implementation plans ("LIP"), the Malibu LIP was drafted, adopted, and certified by the California Coastal Commission ("Commission") pursuant to a special law, such that the relief Plaintiffs seek would need to come directly from the Commission. I also explained that, contrary to Plaintiffs' contention, City has never required, and would never require, indemnification by permit applicants denied a permit who sue the City for said denial. Finally, I informed Counsel that during the next regular meeting of the Malibu City Council, on November 9, 2020, the Council would resolve to initiate an LCP amendment to consider the legality of the LIP provisions Plaintiffs have challenged (a process that Plaintiffs could have initiated themselves pursuant to the LIP). Counsel requested time to confer with their client and to consider whether the Commission was a necessary party to this action.

4. On November 6, 2020, Counsel informed me that they continue to believe the Commission is not a necessary party hereto, and they expressed an intent to oppose City's Rule 12(b)(7) motion and City's motion to dismiss under

Rule 12(b)(1) and Rule 12(b)(6). After receiving this e-mail communication, I called Counsel to clarify the grounds for their belief that the Commission is not a required party in Plaintiffs' actions against the LIP. Counsel requested time to research the grounds for their belief, which they subsequently e-mailed. I identified the deficiencies in Plaintiffs' grounds for persisting in this action, and on November 9, 2020, Counsel informed me that Plaintiffs continue to disagree with City's position. At this point, the parties agreed that City's meet and confer requirements had been satisfied and stipulated to an extension of time to file the Motion to Dismiss.

5. On November 25, 2020, I called Counsel to reaffirm that City would be filing a Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) as against each claim in Plaintiffs' Complaint, in addition to filing a motion under Rule 12(b)(7). Counsel reaffirmed Plaintiffs' intent to oppose all grounds for City's motions against the Complaint. Accordingly, the parties were unable to reach a resolution that would eliminate the need for this filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 3rd day of December, 2020, in Los Angeles, California.

            */s/ Kathy J. Shin*
            KATHY J. SHIN

# PROOF OF SERVICE

I, Wendy Hoffman, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1230 Rosecrans Avenue, Suite 110, Manhattan Beach, California 90266.

On December 3, 2020, I electronically filed the attached document:

**DECLARATION REGARDING MEET AND CONFER IN SUPPORT OF CITY OF MALIBU'S MOTION TO DISMISS**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| Jeremy Talcott<br>Pacific Legal Foundation<br>1212 W. Amerige Avenue<br>Fullerton, CA 92833-2709<br>Phone: (916) 419-7111<br>Fax:    (916) 419-7747<br>Email: jtalcott@pacificlegal.org | Christopher M. Kieser<br>930 G Street<br>Sacramento, CA 95814<br>Phone: (916) 419-7111<br>Fax:    (916) 419-7747<br>Email: ckieser@pacificlegal.org |
| Mark Miller<br>Pacific Legal Foundation<br>4440 PGA Boulevard, Suite 307<br>Palm Beach Gardens, FL 33410<br>Phone: (561) 691-5000<br>Fax:    (916) 419-7747<br>Email: mmiller@pacificlegal.org | Jamee Jordan Patterson<br>Department Of Justice<br>PO Box 85266<br>San Diego, CA 92186-5266<br>Phone: (619) 738-9329<br>Fax: (619) 645-2271<br>*Courtesy copy via U.S. Mail* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 3, 2020, at Manhattan Beach, California.

/s/ Wendy Hoffman

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1230 ROSECRANS AVENUE, SUITE 110
MANHATTAN BEACH, CALIFORNIA 90266